UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Petitioner,<br><br>      v.<br><br>MICHAEL DELGADO, AS VICE PRESIDENT OF CHESTER MARKETING, INC.,<br><br>                      Respondent. | Case No. 09cv2189-IEG (POR)<br><br>ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES |

The government has petitioned the Court for an order enforcing Internal Revenue Service ("IRS") Summonses issued to Respondent Michael Delgado. On October 6, 2009, the Court issued an order to show cause why the IRS summonses should not be judicially enforced. On October 13, 2009, the IRS served a copy of the order to show cause upon Respondent. Respondent did not file a response.

On December 14, 2009, the hearing to show cause on the government's petition was continued until February 16, 2010 in order to allow Respondent further time to comply with the IRS Summons. Respondent did not comply with the IRS Summons and a hearing was held on the government's petition on February 16, 2010, at 2:30 p.m. The IRS was represented by Assistant United States Attorney Raven M. Norris. Respondent did not appear. For the reasons explained herein, the government's petition to enforce the summonses is granted.

///

///

## BACKGROUND

On January 12, 2009, Emilia Gutierrez, a Revenue Agent employed by the Internal Revenue Service ("IRS"), issued an IRS summons to Respondent Michael Delgado ("Respondent"). [Declaration of Revenue Officer E. Gutierrez in Support of Petition, ("Gutierrez Decl."), ¶ 5.] The IRS is conducting an investigation regarding the corporate tax liabilities of Chester Marketing, Inc. The summons relates to the continuing failure of Chester Marketing, Inc., a corporation of which Respondent is Vice President, to file Forms 1120 corporate income tax returns for fiscal tax years ending September 30, 2006 and September 30, 2007. [Id.] On January 16, 2009, the IRS served an copy of the summons on Respondent by personally handing an attested copy of the summons to Respondent. [Id. at ¶ 6.]

The summons ordered Respondent to appear before the IRS on February 3, 2009 to give testimony and to produce for examination documents and records specified in the summons. [Id. at ¶ 5.] On February 3, 2009, Respondent did not appear or otherwise provide documents and information requested by the summons. [Id. at ¶ 7.] On March 5, 2009, the IRS provided Respondent another opportunity to comply with the summonses and directed him to appear before Revenue Officer Gutierrez on April 6, 2009. [Id. at ¶ 8.] On April 6, 2009, Respondent did not appear before Revenue Officer Gutierrez or provide any of the books, papers, records, and other data sought by the summons. [Id. at ¶ 9.] To date, Respondent has not provided all relevant documents requested in the summons. [Id. at ¶ 11.] The books, records, papers, and other data sought by the summonses are not already in the possession of the IRS. [Id.]

On October 5, 2009, the Government petitioned the Court to enforce the summonses. On October 6, 2009, the Court ordered Respondent to appear on December 14, 2009 to show cause why he should not be compelled to comply with the IRS summonses. The IRS served the order to show cause on Respondent on October 13, 2009 and filed proof of service with the Court on October 14, 2009. Respondent did not filed any written opposition to the Government's petition.

On December 14, 2009, the parties agreed to continue the Order to Show Cause hearing until February 16, 2010 to allow Respondent additional time to comply with the IRS ummonses. Respondent provided bank statements and copies of checks for tax years 2006 and 2007 in response

to the IRS summonses but did not provide all relevant documents and testimony requested by the summonses.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119(9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58(1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120.  Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The government's petition and Revenue Agent's Gutierrez' supporting declaration satisfies all four elements of the Powell standard. First, the IRS is conducting investigations with respect to Respondent's continuing failure to file corporate income tax returns for the tax years ending September 30, 2006, and September 30, 2007.  [Gutierrez Decl., ¶¶ 5, 12.]  Such investigations are expressly authorized by 26 U.S.C. § 7602(a), which allows the issuance of summons for the purpose of determining "the liability of any person for any internal revenue tax...or collecting any such liability.."  Thus, the summonses were issued for a legitimate purpose.  Second, Revenue Agent Gutierrez has declared in her affidavit that the information requested by the summonses may be

relevant to the IRS determination of Respondent's ability to pay corporate income tax liabilities assessed against him for tax years 2006 and 2007. [Id. at ¶ 17.] Third, the IRS does not already possess the papers, records, and other data sought by the summonses issued to Respondent. [Id. ¶ 14.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summonses. [Id.] Thus, the Government has made a *prima facie* showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the government's petition to enforce the IRS summons is GRANTED. Respondent, Michael Delgado, is directed to appear before IRS Revenue Agent Emilia Gutierrez or designee, on *March 16, 2010, at 9:00 a.m.*, at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3255, San Diego, California, and to produce the documents and give testimony as directed in the summonses. The United States shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court, including daily monetary fines or incarceration if necessary to obtain Respondent's compliance.

**IT IS SO ORDERED**

DATED: February 19, 2010

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court